# SELECT CASES ARGUED AND DETERMINED

IN THE

# PROBATE COURT

OF

## HAMILTON COUNTY, OHIO.

---

RACHEL MARTIN, ADMINISTRATRIX OF THE ESTATE
OF GANO MARTIN, DECEASED, *vs.* JOHN MARTIN,
ET. AL.

*Priority of liens between holders of notes secured by mortgage.*

A mortgage was executed to A and others to secure the pay-
ment of several notes, one of which was payable to A; A
assigned the mortgage to B by the following endorsement:
"For value received, I hereby assign and transfer to B, his
representatives and assigns, the within mortgage and notes
thereby secured, etc.," and pretended to transfer all the notes
described in the mortgage by forging the names of the owners
thereof. B took the notes without knowledge of the fraud.
Subsequently A, being indebted to C, transferred and assigned
by indorsement, the genuine note payable to himself, to C,
who took it before due and without knowledge of the fraud
perpetrated upon B. *Held*, that as between B and C the latter
was entitled to the payment of the note, and that the benefit
of the mortgage passed with the transfer of the note.

*Decided March 3, 1885.*

Martin, Administratrix *v.* Martin.

On the first day of January, 1879, Gano Martin, now deceased, executed and delivered to W. R. McGill and others, his mortgage deed for the property now ordered to be sold to secure the payment of eight notes, amounting in the aggregate to $16,113.69. Among the notes so executed and delivered, was a note payable to the order of W. R. McGill, for $7,602.72.

On the 8th day of February, 1879, McGill, being indebted to Robert Kernahan in a large amount, transferred and assigned the mortgage so made by Martin, to Kernahan by the following assignment endorsed on the mortgage : " For value received, I hereby assign and transfer to Robert Kernahan, his representatives and assigns, the within mortgage and notes thereby secured. February 8, 1879. William R. McGill." And pretended to transfer all of the notes described in the mortgage by forging the names of Gano Martin and the owners thereof, representing to Kernahan, that these notes were the notes secured by the mortgage.

Kernahan took the notes without knowledge of the fraud. On the 9th day of May, 1879, McGill being indebted to Manss Bros. & Co., transferred and assigned by endorsement thereon, the genuine note of $7,602.72 made by Martin to McGill, to them, before due and without notice or knowledge of the fraud perpetrated by McGill on Kernahan.

*John Johnston* for Kernahan.
*W. E. Jones* for Manss Bros. & Co.

GOEBEL, J.

It being now conceded by Kernahan that he has no claim against the mortgagees other than Manss Bros. & Co., the question to be determined is as between them, who has the better right to the lien of McGill in the proceeds of sale.

It is claimed on behalf of Kernahan that the assignment of the mortgage to Kernahan before the transfer and endorsement of the note to Manss Bros. & Co., passed the right of possession and property in the McGill note to him.

I believe the law to be well settled in Ohio that a mortgage deed of real estate is regarded in equity as a mere security for the performance of its condition of defeasance. If that condition be the payment of a debt, the security is regarded as an incident belonging to the debt, and the equitable right to the benefit of the security passes by the legal transfer of the debt to the assignee, unless the agreement to the transfer by the parties be otherwise; and that a note payable to order or bearer, when properly endorsed, and delivered for a valuable consideration, before due, is, in the hands of a *bona fide* holder, free from all equities between the original parties.

Do Manss Bros. & Co. come within this provision?

Assuming for the present that this note was not se-
cured by mortgage, there can be no question between
Kernahan and Manss Bros. & Co., that the latter are
entitled to the payment of their note, having received
the same by proper endorsement before due, for a
valuable consideration in the ordinary course of busi-
ness, and without knowledge of any fraud. And it
is evident that McGill did not intend to transfer to
Kernahan the genuine note.

But it is strongly urged that McGill having, before
the transfer of the note to Manss Bros. & Co., trans-
ferred and assigned the mortgage with a stipulation
transferring the note also, he thereby transferred in
equity, all the interest he had in the note. In other
words, that a transfer of a security carries with it the
debt and that too, as in this case, where the debt was
not transferred or intended to be transferred except
by the mortgage. I cannot agree with counsel on
this proposition.

I am satisfied that, if this note was still in the hands
of McGill, or passed into the hands of a third party
with knowledge of the fraud, equity would decree
that such party held the note in trust for Kernahan.
In law McGill could transfer the note by endorsing
thereon his name, and the title passed to a *bona fide*
holder for value, if endorsed before due, free from all
equities.

The debt is the principal and the mortgage an

incident, the contention being between Kernahan and Manss Bros. & Co., as to who has the security of his respective debt. From the statement of facts it appears that Manss Bros. & Co., have the genuine note. It must follow that by the transfer of the debt, the benefit of the security passes with it, in law. To hold otherwise would be to apply the mortgage to a note which it was not given to secure, and make the mortgage property liable for a new debt.

NOTE.—Judgment affirmed in Common Pleas and Circuit Courts.